

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 8, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| **BUFFALO STATION, LLC,** | § | **Case No. 22-42943-elm** |
| | § | |
| **PREMIER 82, LLC,** | § | **Case No. 22-42944-elm** |
| | § | |
| **REMINGTON STATION, LLC,** | § | **Case No. 22-42945-elm** |
| | § | |
| **VENTURA HEIGHTS FOR RAINTREE, LLC,** | § | **Case No. 22-42948-elm** |
| | § | |
| **WINDSOR POINT, LLC,** | § | **Case No. 22-42950-elm** |
| | § | |
| Debtors. | § | **(Jointly Administered Under** |
| | § | **Case No. 22-42943-elm)** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE CHAPTER 11 TRUSTEE'S SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION FOR DEBTOR BUFFALO STATION, LLC AND ITS AFFILIATED DEBTORS

In considering confirmation of the *Chapter 11 Trustee's Second Amended Combined Disclosure*

*Statement and Chapter 11 Plan of Liquidation for Debtor Buffalo Station, LLC and Its Affiliated*

*Debtors* [Docket No. 343], filed with this Court on February 23, 2024 (including all exhibits and

schedules thereto, as amended or modified from time to time in accordance with its terms, the "**Plan**"),[1]

this Court, after due notice and a hearing, entered an order [Docket No. 344] dated February 23,

2024: (1) conditionally approving the disclosure statement (as combined with the Plan) [Docket

No. 342] (the "**Disclosure Statement**"); (2) scheduling a hearing to consider confirmation of the Plan;

(3) establishing voting and objection deadlines; and (4) approving balloting, solicitation, notice, and

voting procedures (the "**Solicitation Procedures Order**").  The Disclosure Statement, the Plan, and

the Solicitation Procedures Order having been distributed or made available to Holders of Claims

against or Interests in the Debtors and other parties in interest as provided in the Solicitation Procedures

Order; and the Plan Supplement to the Plan having been filed with the Court on February 19, 2024

[Docket No. 333-1] and March 18, 2024 [Docket No. 369-1] (as may be further amended or modified,

the "**Plan Supplement**"); and the Court having held hearings on April 2, 2024 to consider confirmation

of the Plan (together, the "**Confirmation Hearing**"); and due notice of the Plan and the Confirmation

Hearing having been provided to holders of Claims against or Interests in the Debtor and other parties

in interest in accordance with the Solicitation Procedures Order, title 11 of the United States Code (the

"**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the

Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the

"**Local Rules**"), as established by the certificates of service and mailing filed with this Court and the

Voting Declaration (as defined below),[2] and such notice being adequate and sufficient under the

circumstances with no further notice being required; and after full consideration of (i) the Plan, (ii) the

Disclosure Statement, (iii) the Plan Supplement; (iv) the *Declaration of Jessica Lewis Regarding*

*Service of Solicitation and Notice Materials and Ballot Receipt and Tabulation with Respect to the*

*Chapter 11 Trustee's Second Amended Combined Disclosure Statement and Chapter 11 Plan of*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

[2] Such certificates of service have been filed at Docket Nos. 324, 367, 368, 370, and 373.

Liquidation for Debtor Buffalo Station, LLC and Its Affiliated Debtors [Docket No. 379] (the "**Voting**

**Declaration**"); (v) the testimony of David Wallace, as Chapter 11 Trustee (the "**Trustee**") for Debtor

Buffalo Station, LLC and its above-captioned affiliated debtors (the "**Debtors**") contained in the

Declaration of David Wallace in Support of Confirmation of the Chapter 11 Trustees Second Amended

Combined Disclosure Statement and Chapter 11 Plan of Liquidation for Debtor Buffalo Station, LLC

and its Affiliated Debtors [Docket No. 380]; (vi) no objections having been filed confirmation of the

Plan; and (vi) the evidence presented, arguments of counsel; and the pleadings and evidence presented

in these Bankruptcy Cases, and upon consideration of the record before it, the Court finds and

concludes that, as reflected by this Court's rulings made herein and at the Confirmation Hearing (which

rulings by this Court at the Confirmation Hearing are incorporated herein for all purposes), good and

sufficient cause exists to confirm the Plan.  The Court enters the following additional findings and

conclusions:

**A.** **Findings and Conclusions Under Bankruptcy Rules 7052 and 9014**

1. The findings and conclusions set forth herein and in the record of the Confirmation

Hearing constitute this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052,

made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent any of the following

findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the

following conclusions of law constitute findings of fact, they are adopted as such.

**B.** **Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))**

2. This Court has jurisdiction over the Bankruptcy Cases under 28 U.S.C. § 1334.

Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b), and this Court has

jurisdiction to enter a final order with respect thereto. The Debtor is an eligible  debtor under

Bankruptcy Code § 109. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The

Court has the constitutional and statutory authority to enter a final order with respect to the

confirmation of the Plan.

### C.    Commencement of these Bankruptcy Cases

3.    **Petition Date**. On December 5, 2022 (the "**Petition Date**"), the Debtors each filed a voluntary petition under Chapter 11 of the Bankruptcy Code initiating Case No. 22-42943 and its affiliated cases in this Court.

4.    **Trustee Appointment.** On December 30, 2022, the Court entered an order requiring that a chapter 11 trustee be appointed in the Bankruptcy Cases. See Docket No. 54. On December 30, 2022, the United States Trustee for the Bankruptcy Cases filed a notice of the appointment of David Wallace as Chapter 11 Trustee for the Debtors' Estates. See Docket No. 55. On January 3, 2022, the Court entered its order granting the United States Trustee's application to approve the appointment of David Wallace as Chapter 11 Trustee. See Docket No. 58.

5.    **Judicial Notice**. This Court takes judicial notice of the record of these Bankruptcy Cases, including without limitation: (i) as appropriate, proofs of claims filed in these Bankruptcy Cases, and (ii) the docket of the cases maintained by the Clerk of this Court and pleadings reflected therein, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of the Bankruptcy Cases.

### D.    Plan Modification and Compliance with Bankruptcy Rule 3019

6.    **Judicial Subordination**. Notwithstanding the terms of the Plan, no Insider Claim shall be a Subordinated Insider Claim until such time as the Court or another court of competent jurisdiction determines that such claim is subordinated under Bankruptcy Code § 510 or other principals of equitable subordination ("**Judicial Subordination**"). If an Allowed Insider Claim is not subject to Judicial Subordination, such Allowed Insider Claim shall be treated as a Class 5 Claim."

7.    **Non-Material Modifications**. To the extent that the Plan is modified by the terms of this Order, such modifications are non-material for the purposes of solicitation and acceptance of the Plan and do not result in adverse changes to Holders of Claims or Interests. No solicitation for

CONFIRMATION ORDER                                                                    4

acceptance of the Plan beyond what has already taken place, as described below, is necessary. Therefore, the requirements of Bankruptcy Rule 3019 have been met.

**E.      Solicitation and Notice**

8.      **Solicitation and Notice**. On February 23, 2024, this Court entered the Solicitation Procedures Order, which, among other things, established procedures for the Trustee's solicitation of votes on the Plan.  See Docket No. 344.  The Solicitation Packages (as defined in the Solicitation Procedures Order) were served in compliance with the Bankruptcy Rules and the Solicitation Procedures Order.  The service of the Solicitation Packages was adequate and sufficient under the circumstances of the Bankruptcy Cases, and adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Procedures Order was timely provided in compliance with the Bankruptcy Rules and the Solicitation Procedures Order.

9.      **Disclosure Statement**. The Disclosure Statement included in the Solicitation Packages contained "adequate information" within the meaning of 11 U.S.C. § 1125.  No objections were filed in accordance with the procedures provided in the Solicitation Procedures Order with respect to the adequacy of the Disclosure Statement or the final approval of the Disclosure Statement.

10.      **Voting**. Votes on the Plan were solicited after disclosure to Holders of Claims against or Interests in the Debtors of "adequate information" as defined in Bankruptcy Code § 1125.  As evidenced by the Voting Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  For the purposes of voting and tabulation with respect to the Plan, votes are considered on a consolidated basis among the Debtors.

**F.      Compliance with Bankruptcy Code § 1129 Requirements**

11.      **Burden of Proof**. The Trustee has met his burden of proving the elements of Bankruptcy Code § 1129 by a preponderance of the evidence.

12.      **Bankruptcy Rule 3016(a)**. The Plan is dated and identifies the Trustee as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

13.      **Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1):

a)      **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))**. As required by Bankruptcy Code § 1123(a)(1), in addition to Administrative Claims, the Post-Petition Financing Claim, and Priority Tax Claims, which need not be classified, Plan Article 5 designates seven Classes of Claims against and Interests in the Debtors. As required by Bankruptcy Code § 1122(a), the Claims (to the extent treated as a Class) placed in each Class are substantially similar to other Claims in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan. Thus, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

b)      **Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))**. The Plan does not specify any unimpaired Classes, so Bankruptcy Code § 1123(a)(2) is inapplicable.

c)      **Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**. Plan Article 5 designates Classes 1–7 as impaired, and Plan Article 5.4 sets forth the treatment of such impaired Classes, thereby satisfying Bankruptcy Code § 1123(a)(3).

d)      **No Discrimination (11 U.S.C. § 1123(a)(4))**. Plan Article 5 provides for the same treatment by the Debtors for each Claim in each respective Class, unless the holder of a particular Claim has agreed to a less favorable treatment in respect of such Claim, thereby satisfying Bankruptcy Code § 1123(a)(4).

e)      **Implementation of the Plan (11 U.S.C. § 1123(a)(5))**. As required by Bankruptcy Code § 1123(a)(5), Plan Article 6 provides for adequate means for implementation of the Plan, including without limitation, (a) the vesting of assets in the Litigation Trust; (b) the cancellation of notes, instruments, and other documents; (c) exemption from certain transfer taxes under Bankruptcy Code § 1146; (d) preservation of the Retained Causes of Action; and (e) effectuating of documents and further transactions by the Litigation Trust.

f)      **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))**. No Securities will be issued under the Plan, thereby satisfying Bankruptcy Code § 1123(a)(6).

g)      **Designation of Managers, Directors and Officers of the Debtors (11 U.S.C. § 1123(a)(7))**. In accordance with Bankruptcy Code § 1123(a)(7), Plan Article 6 provides for the Litigation Trustee to assume all rights, authority, power, and duties of the Trustee with respect to the Estate, as transferred to the Litigation Trust and in accordance with the terms of the Litigation Trust Agreement.

h)      **Additional Plan Provisions (11 U.S.C. § 1123(b))**. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1123(b).

i)      **Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1))**. Under the Plan, all Classes are impaired, as permitted by Bankruptcy Code § 1123(b)(1).

j)      **Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))**. Plan Article 7 provides that, except as otherwise provided in the Plan, all Executory Contracts of the Debtors (that have not been previously assumed or rejected by order of the Bankruptcy Court) will be rejected as of the Confirmation Date in accordance with §§ 365 and 1123 of the Bankruptcy Code. This Confirmation Order constitutes an order of this Court under Bankruptcy Code § 365 approving the rejection of such Executory Contracts as of the applicable dates and in accordance with the Executory Contract provision provided in the Plan or herein, as applicable.

k)      **Settlement and Retention of Claims (11 U.S.C. § 1123(b)(3))**. In accordance with Bankruptcy Code § 1123(b)(3), Plan Article 6.3 provides for the preservation of the Retained Causes of Action and the vesting of such Causes of Action in the Litigation Trust established in accordance with Article 6 of the Plan. In Plan Article 10.6, the Plan also provides for the compromise and settlement of all Claims, Interests, and controversies resolved pursuant to the Plan.

l)      **Modification of Rights (11 U.S.C. § 1123(b)(5))**. In accordance with Bankruptcy Code § 1123(b)(5), Plan Article 10.2 provides that, except as otherwise provided in the Plan as it relates to Secured Claims, or in any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estates will be fully released and discharged, and all of the rights, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests will vest in the Litigation Trust, in accordance with Article 6 of the Plan.

m)      **Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))**. The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to Holders of Claims or Interests, (b) allowance and disallowance of certain Claims, (c) the release of certain Liens, (d) the mutual release between the Trustee and Revere, and (e) exculpations of the Exculpated Parties.

n)      **Cure of Defaults (11 U.S.C. § 1123(d))**. The Plan, including the Plan Supplement, provides for the cure of certain defaults in accordance with the underlying agreement and applicable nonbankruptcy law. Accordingly, the Plan complies with Bankruptcy Code § 1123(d).

14.    **The Trustee's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))**.

The Trustee, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules generally with respect to the Plan and in transmitting the combined Plan and Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

15.      **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**. The Trustee has proposed the

Plan (including the Plan Supplement, and all other documents necessary to effectuate the Plan) in good

faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3).   The

Trustee's good faith is evident from the facts and record of the Bankruptcy Cases, the Disclosure

Statement, and the record of the Confirmation Hearing and other proceedings held in the Bankruptcy

Cases.   The Plan was proposed with the legitimate and honest purpose of maximizing the value of the

Debtors' assets and expeditiously distributing that value to creditors.   The Plan was negotiated at arms'

length among the Trustee and Revere, with additional parties in interest having been provided with

opportunity to participate in such negotiations.   Further, the Plan's classification, exculpation, and

release provisions have been negotiated in good faith, at arms' length, and are consistent with

Bankruptcy Code §§ 1122, 1123(b)(6), 1129, and 1142, and are each necessary for the Estates'

successful maximization of value for claimants.   Such provisions were not included in the Plan for any

improper purpose.

16.      **Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment

made or to be made by the Trustee, the Estate, or by a person issuing securities or acquiring property

under the Plan, for services or for costs and expenses in connection with the Bankruptcy Cases, or in

connection with the Plan and incident to the Bankruptcy Cases before confirmation of the Plan, has

been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying

Bankruptcy Code § 1129(a)(4).

17.      **Managers, Directors, and Officers (11 U.S.C. § 1129(a)(5))**. The Trustee has

complied with Bankruptcy Code § 1129(a)(5). On the Effective Date, the Litigation Trustee will

assume all rights, authority, power, and duties of the Trustee with respect to the Estate, as transferred

to the Litigation Trust and in accordance with the terms of the Litigation Trust Agreement.

18.     **No Rate Changes (11 U.S.C. § 1129(a)(6))**. Bankruptcy Code § 1129(a)(6) is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

19.     **Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**. All classes of Impaired Claims have either accepted the Plan or the "best-interests" test is satisfied with respect to such Class of Impaired Claims.  As demonstrated by the evidence proffered or adduced at the Confirmation Hearing each Holder of an Impaired Claim against the Estate either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(7).

20.     **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8) and 11 U.S.C. § 1126)**. Holders of Claims in Classes 1-5 are Impaired by the Plan and entitled to vote.  Class 1 has voted to accept the Plan in accordance with Bankruptcy Code § 1126(b) and (c).  Two Holders were provided Class 2 Ballots.  If Class 2 is viewed as containing two sub-Classes for the purposes of voting,[3] one sub-Class (Yeider Perez) voted to accept the Plan in accordance with Bankruptcy Code § 1126(b) and (c), and the other sub-Class (Sherwin Williams) returned no Ballot and, therefore, did not accept the Plan.  No Holders of Claims entitled to vote in Classes 3 and 5 returned a Ballot accepting or rejecting the Plan.  There are no Holders of Claims in Class 4, and no Class 4 Ballots were distributed.  Classes 6 and 7 are deemed to have rejected the Plan.  Because all impaired Classes have not voted to accept the Plan, the Plan has not satisfied Bankruptcy Code § 1129(a)(8).

---

[3] Neither such Class 2 Holder filed a proof of claim in the Bankruptcy Cases asserting a Secured Claim against the Estates.  The division of Class 2 into sub-classes for the purpose of Plan acceptance is not a determination that either such Holder holds a Secured Claim against the Estates and shall have no bearing on such a determination.

21.     **Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))**. The treatment of Administrative Claims and Priority Tax Claims under Plan Article 5 satisfies the requirements of Bankruptcy Code § 1129(a)(9) by providing for payment in full of such Administrative Claims and Priority Tax Claims in accordance with the terms of the Plan. Any Holder of an Administrative Claim may agree to less favorable treatment than that described in Plan Article 5.

22.     **Acceptance by Impaired Class of Claims (11 U.S.C. § 1129(a)(10))**. All Classes are impaired under the Plan and, except for Classes 6 and 7, entitled to vote.  All Ballots returned were votes in acceptance of the Plan, and none of such votes were cast by insiders.  Class 1 has accepted the Plan and one Class 2 sub-Class (Yeider Perez) has accepted the Plan.  Accordingly, at least one class of impaired claims has voted to accept the Plan, determined without including the acceptance of the plan by any insider, satisfying Bankruptcy Code § 1129(a)(10).

23.     **Feasibility (11 U.S.C. § 1129(a)(11))**. The information in the Disclosure Statement and evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors. Therefore, the Plan satisfies Bankruptcy Code § 1129(a)(11).

24.     **Payment of Fees (11 U.S.C. § 1129(a)(12))**. All fees due and payable under § 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy Code, as determined as of the Confirmation Hearing, have been or will be paid on or before the Effective Date under Plan Article 5.2, thereby satisfying the requirements of Bankruptcy Code § 1129(a)(12).

25.     **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**. The Debtors are not obligated to pay postpetition health, welfare, or retirement benefits, and accordingly, the requirements of Bankruptcy Code § 1129(a)(13) are inapplicable in the Bankruptcy Cases.

26.      **No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))**. The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation; accordingly, Bankruptcy Code § 1129(a)(14) is inapplicable in the Bankruptcy Cases.

27.      **Debtors are Not Individuals (11 U.S.C. § 1129(a)(15))**. The Debtors are not individuals; accordingly, Bankruptcy Code § 1129(a)(15) is inapplicable in the Bankruptcy Cases.

28.      **No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))**. Bankruptcy Code § 1129(a)(16) is inapplicable as it only applies to the "transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation, or trust[,]" and the Debtors are each a moneyed business or commercial corporation.

29.      **No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))**. Class 1 and Class 2 have voted to accept the Plan.  If considered on a sub-class basis, one sub-Class of Class 2 voted to accept the Plan.  There are and will be no Claims within Class 4, which will therefore be disregarded for the purpose of confirmation.  With respect to the remaining Classes and any non-accepting sub-Class, § 1129(b) permits confirmation of the Plan because the Plan, as modified herein, does not unfairly discriminate and is fair and equitable (conforming with the absolute priority rule) with respect to all Classes (each of which is Impaired) in accordance with the requirements of § 1129(b).

30.      **Only One Plan (11 U.S.C. § 1129(c))**. The Plan is the only Chapter 11 plan that has been filed in the Bankruptcy Cases.  Accordingly, Bankruptcy Code § 1129(c) is inapplicable in the Bankruptcy Cases.

31.      **Principal Purpose of the Plan (11 U.S.C. § 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act of 1933, thereby satisfying Bankruptcy Code § 1129(d).

32.      **Not Small Business Cases (11 U.S.C. § 1129(e))**. These are not small business cases, and accordingly, Bankruptcy Code § 1129(e) is not applicable.

G.      **Compliance with Bankruptcy Code § 1125 Requirements**

33.      **Good-Faith Solicitation (11 U.S.C. § 1125(e))**. Based on the record before the Court, the Trustee and his respective Professionals are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code § 1125(a) and (e), and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and therefore will not, on account of such solicitation, be liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by Bankruptcy Code § 1125(e) and the exculpation provisions set forth in Plan Article 10.4.

H.      **Executory Contracts**

34.      **Trustee's Sound Business Judgment**. The Trustee has exercised sound business judgment in determining to reject all remaining Executory Contracts, in accordance with Plan Article 7. Each rejection of an Executory Contract as provided in Plan Article 7, if any, will be legal, valid, and binding on the Debtors and all non-debtor counterparties to such Executory Contracts, all to the same extent as if such assumption or rejection has been effectuated under an appropriate authorizing order of this Court before the Effective Date under Bankruptcy Code § 365. Each rejection of an Executory Contract as provided in Plan Article 7 will include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Executory Contract.

I.      **Exculpations and Releases**

35.      This Court has jurisdiction under §§ 1334(a) and (b) of title 28 of the United States Code to approve the exculpations and releases set forth in Plan Article 10. The Bankruptcy Code permits approval of the releases and exculpations set forth in Plan Article 10. Such provisions are fair

and reasonable and are in the best interests of the Debtors, the Estates, and parties-in-interest. Further, the exculpation provisions in Plan Article 10.4 do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a Final Order to have constituted fraud, willful misconduct, gross negligence, or criminal conduct. Based on the record of the Bankruptcy Cases and the evidence proffered, adduced, or presented at the Confirmation Hearing, this Court finds that the exculpations and releases set forth in Plan Article 10 are consistent with the Bankruptcy Code and applicable law and essential, negotiated components of the Plan.

**J.    Substantive Consolidation**

36.    Prior to the Petition Date, the Debtors comingled funds, including rental income and security deposits, held joint accounts, did not regularly track operational expenses by Apartment Complex, were jointly managed, were jointly and severally liable to Revere, their primary secured lender, and were wholly owned by the same entity, Lawton 5, LLC. It would cause an unreasonable burden to the Estates to untangle the Debtors' financial records, and a complete and accurate separation of the Debtors' financial history is impossible. Accordingly, substantive consolidation of the Debtors for all purposes, as provided in the Plan, is in the best interests of and without prejudice to the rights of the Debtors, their Estates, creditors, and other parties-in-interest. Substantive consolidation of the Bankruptcy Cases is appropriate under Bankruptcy Rule 1015.

**K.    Other Findings**

37.    **Bankruptcy Code § 1129 Is Satisfied**. Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code § 1129.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

38.    **Disclosure Statement**. The Disclosure Statement is hereby approved on a final basis.

39.    **Confirmation**. The Plan and each of its provisions, as modified herein, is confirmed under Bankruptcy Code § 1129.

40.     **Objections**. Any and all objections filed to the Disclosure Statement or the Plan, if any, to the extent that such remain outstanding as of the entry of this Confirmation Order, are hereby overruled.

41.     **Binding Effect**. Subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan will bind the Debtors and any current or former Holder of a Claim against, or Interest in, the Debtors and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan, whether or not such Holder accepted the Plan, and whether or not such Holder is entitled to any distribution under the Plan.

42.     **Plan Classification Controlling**. The classification of Claims and Interests for purposes of the distributions to be made under the Plan will be governed solely by the terms of the Plan and this Order.  The classification set forth on the Ballots tendered or returned by creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event will be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; and (c) will not be binding on the Trustee or the Debtors for purposes other than voting on the Plan.

43.     **Distributions Under the Plan**. All distributions under the Plan will be made in accordance with Plan Article 8.

44.     **Vesting of Assets (11 U.S.C. § 1141(b) and (c))**. On the Effective Date, all property of the Debtors and any property acquired by the Debtors under the Plan, if any, will vest in the Litigation Trust, as set forth in more detail in the Plan, including in Article 6.3 of the Plan.

45.     **Preservation of Rights Regarding Liens**.  Notwithstanding anything in the Plan, including the Litigation Trust Agreement, to the contrary, the Litigation Trustee shall maintain any and all rights and powers of the Trustee with respect to any Lien Claimants, as may be necessary to compromise, settle, or seek other relief from the Bankruptcy Court regarding any Lien filed with

respect to any Apartment Complex, including pursuant to this Court's *Order Approving Chapter 11 Trustee's Motion to Sell Apartment Complexes Free and Clear of Liens, Claims, and Encumbrances Under 11 U.S.C. § 363* [Docket No. 365] (the "**Sale Order**").

46.     **General Authorization**. The Trustee or the Litigation Trustee, as the case may be, is authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan.  As of the Confirmation Date, the Trustee and his respective directors, officers, members, agents, attorneys, financial advisors, and investment bankers are authorized and empowered, under Bankruptcy Code § 1142(b), and other applicable state laws: (a) to execute or deliver, or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the Plan; (b) to perform any other act that is appropriate for the consummation of the Plan in accordance with its terms; and (c) to take or cause to be taken all corporate or limited-liability-company actions necessary or appropriate to implement all provisions of, and to consummate, the Plan before, on, and after the Effective Date, and all such actions appropriately taken or caused to be taken will be deemed to have been authorized and approved by this Court without further approval, act, or action under any applicable law, order, rule, or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Trustee, the Litigation Trustee, or their applicable agents or professionals to take any and all actions appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order in accordance with Bankruptcy Code § 1142(b). Under Bankruptcy Code § 1142, to the extent that, under applicable non-bankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the members, managers, shareholders, or board of directors or board of managers of the Debtors, this Confirmation Order will constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the decision-making entity or individual of the Debtors. Any documents

contemplated herein will be accepted by each of the respective state filing offices and recorded, if

required, in accordance with applicable state law and will become effective in accordance with their

terms and the provisions of state law.

47.    **Payment of Statutory Fees**. All fees due and payable under § 1930 of title 28 of the

United States Code, as determined by this Court as of the entry of this Confirmation Order, will be

paid on the Effective Date.  The Trustee will (a) continue to pay all fees due and payable under § 1930

of title 28 of the United States Code until the closing, conversion, or dismissal of the Bankruptcy Cases

and (b) provide the required post-confirmation reporting to the U.S. Trustee until the Bankruptcy Cases

are closed.  As a result of the substantive consolidation of the Estates (a) all fees due and payable under

§ 1930 of title 28 of the United States Code shall be paid on a consolidated basis and (b) the required

post-confirmation shall be filed on a consolidated basis.  The Trustee and Litigation Trustee, as

applicable, will retain all rights to contest any such fees, including but not limited to the amount, extent,

or applicability of such fees.

48.    **Governmental Approvals Not Required**.  This Confirmation Order will constitute all

approvals and consents required, if any, by the laws, rules, and regulations of any state or any other

governmental authority with respect to the implementation or consummation of the Plan and any

documents, instruments, or agreements, and any amendments or modifications thereto.

49.    **Filing and Recording**. This Confirmation Order: (a) is and will be effective as a

determination that, on the Effective Date, all Claims and Interests existing prior to such date have been

unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and

(b) is and will be binding on and will govern the acts of all entities including, without limitation, all

filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal,

state, and local officials, and all other persons and entities who may be required, by operation of law,

the duties of their office, or contract, to accept, file, register, or otherwise record or release any

document or instrument. Each federal, state, and local government agency is hereby directed to accept any documents or instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

50. **Exemption from Transfer Taxes**. In accordance with Bankruptcy Code § 1146(c), the issuance, transfer, or exchange of assets under the Plan by the Trustee and/or the Debtors, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

51. **Discharge of the Debtor.** Under Bankruptcy Code § 1141(d)(3), Confirmation will not discharge the Claims against the Debtors; *provided, however*, that no Holder of a Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other distribution from, or seek recourse against, the Debtors, the Trustee, or the Litigation Trustee or their respective successors, assigns or property, except as expressly provided in the Plan, and the automatic stay under § 362(a) of the Bankruptcy Code shall remain in effect until the Debtors' Estates have been fully administered through the Litigation Trust and the Bankruptcy Cases are closed.

52. **Release of Liens.** Except as otherwise provided in the Plan (such as, for example, as provided in Article 5.2.4, preserving all Liens securing the Post-Petition Financing Claim in accordance with the terms provided in Article 5.2.4), on the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estate will be fully released and discharged, and all of the rights, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests will revert to the Debtors' Estates and be transferred to the Litigation Trust in accordance with the terms of the Plan.

53.     **Exculpation.** Except as otherwise specifically provided in the Plan, the Exculpated Parties will neither have nor incur any liability to any Entity for any Bankruptcy-Related Action; provided that nothing in the foregoing will exculpate any Exculpated Party from any liability resulting from any act or omission that is determined by Final Order to have constituted fraud, willful misconduct, gross negligence, or criminal conduct.  Notwithstanding anything herein to the contrary, as of the Confirmation Date and under § 1125(e) of the Bankruptcy Code, the Exculpated Parties will be deemed to have solicited acceptance of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security, offered or sold under the Plan, and will not be liable to any Entity on account of such solicitation or participation.  In addition to the protections afforded in Plan Article 10.4 to the Exculpated Parties, and not in any way reducing or limiting the application of such protections, the Bankruptcy Court retains exclusive jurisdiction over any and all causes of action asserted against any Exculpated Party for any Bankruptcy-Related Action that are not otherwise exculpated or enjoined by this Plan.

54.     **Substantive Consolidation.**  The Debtors and their respective Estates are hereby and in accordance with Article 5.7 of the Plan, substantively consolidated for all purposes, including for the purposes of voting on the Plan, confirming the Plan, and making Distributions pursuant to the Plan. On the Effective Date: (a) the assets of the Debtors will be pooled for the purpose of paying Allowed Claims against the Debtors; (b) any Claim filed or asserted against any of the Debtors will be deemed a Claim against all of the Debtors; (c) all Claims of each Debtor against any other Debtor will be eliminated; (d) any obligation of any of the Debtors and all guarantees thereof executed by any of the Debtors will be deemed to be an obligation of each of the Debtors; and (e) the Bankruptcy Cases of the Affiliated Debtors shall be closed in accordance with this Court's procedures for substantively consolidated debtors.  Holders of Allowed Claims who assert identical Claims against multiple Debtors shall be entitled to only a single satisfaction of such Claims.  Any such duplicate Claims shall be

deemed Disallowed as against the Debtors without need for the filing of a claim objection or further order of the Court and such duplicate Claims shall receive no Distribution under the Plan. Notwithstanding such consolidation, the separate nature of the Debtors shall be preserved exclusively as may be necessary for the Trustee or Litigation Trustee (as determined in such trustee's sole discretion), as applicable to pursue and maximize the value of the Retained Causes of Action.

55. **Administrative Matters Regarding Substantive Consolidation.** The Bankruptcy Cases of Buffalo Station, LLC and its Affiliated Debtors are hereby substantively consolidated. All pleadings, papers, and documents related to the substantively consolidated Bankruptcy Cases shall be filed in Case No. 22-42943. All proofs of claims filed under the case number representing the estate in which the claim is made shall be deemed filed in the consolidated case under Case No. 22-42943. henceforth all pleadings, papers, and other documents filed in the substantively consolidated Bankruptcy Cases shall bear the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **BUFFALO STATION, LLC,** | § | **Case No. 22-42943-elm** |
| | § | |
| **PREMIER 82, LLC,** | § | **Case No. 22-42944-elm** |
| | § | |
| **REMINGTON STATION, LLC,** | § | **Case No. 22-42945-elm** |
| | § | |
| **VENTURA HEIGHTS FOR RAINTREE, LLC,** | § | **Case No. 22-42948-elm** |
| | § | |
| **WINDSOR POINT, LLC,** | § | **Case No. 22-42950-elm** |
| | § | |
| **Debtors.** | § | **Substantively Consolidated Under** |
| | § | **Case No. 22-42943-elm** |

56. **Post-Petition Financing.** By agreement between the Trustee and Revere, notwithstanding anything in the Cash Collateral Order, Financing Order, the Revere Agreement, or other agreement between Revere and the Trustee, the Trustee is permitted to use the remaining

$224,304.27 in Post-Petition Financing approved in the Financing Order towards paying the 2022 property taxes owed by the Debtors (the "**2022 Taxes**") under the Plan.  Such financing funds will be available to the Trustee solely for the 2022 Taxes through June 14, 2024, unless such deadline is extended by agreement between the Trustee and Revere.  The Maturity Date (as defined by the Financing Order) of the financing shall be extended to and through the date of such payment.  Interest continues to accrue on the Post-Petition Financing Claim. The Post-Petition Liens are priming, first-priority, continuing, valid, binding, enforceable, non-avoidable, and automatically perfected post-petition liens and security interests in the Causes of Action, as modified by the Revere Agreement. The Post-Petition Liens continue to attach to the Retained Causes of Action to secure the Post-Petition Financing Claim and shall remain in place upon such property's vesting in the Litigation Trust until the Post-Petition Financing Claim is fully satisfied, subject to the terms of the Financing Order and the Revere Agreement. After the advance of the Post-Petition Financing for the 2022 Taxes the principal balance of the Post-Petition Obligations (as defined by the Finance Order) will be $1,000,000.00.  The terms set forth in this paragraph do not modify the terms of the Cash Collateral Order, Financing Order, the Revere Agreement, or other agreement between Revere and the Trustee except as expressly set forth in this paragraph.

57.    **Revere Deficiency Claim.**  As a result of the Sale Order and the credit bid contemplated by the same, Revere's Allowed Deficiency Claim is $5,715,404.30.

58.    **Compromise and Settlement**. In accordance with §§ 105(a), 363, and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder may have with respect to any Allowed Claim or any Distribution to be made on account of such Allowed Claim.  The entry of this Confirmation Order constitutes the Court's approval of each of the compromises and settlements embodied in the Plan, and the Court's findings constitute its

determination that such compromises and settlements are in the best interests of the Debtors and their Estates, creditors, and other parties-in-interest, and are fair, equitable, and within the range of reasonableness. The provisions of the Plan, including, without limitation, its release, injunction, exculpation, and compromise provisions, are mutually dependent and non-severable.

59. **Preservation of Insurance**. The exculpations and releases provided in the Plan will not diminish or impair the enforceability of any insurance policy that may provide coverage for Claims against the Debtors or any other Entity.

60. **Preservation of Rights of Action**. Other than any Cause of Action against an Entity that is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or by a Final Order, in accordance with Bankruptcy Code § 1123(b), the Trustee and Debtors' Estates (for the benefit of and to be transferred to the Litigation Trust) retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, as set forth in the Plan. The Trustee's rights to commence, prosecute, or settle such Retained Causes of Action will be preserved notwithstanding the occurrence of the Effective Date and, on the Effective Date, will vest exclusively in the Litigation Trust. For the avoidance of doubt, the Trustee's failure to list any Causes of Action in the combined Disclosure Statement and Plan (including the Plan Supplement) or otherwise in no way limits the rights of the Trustee, the Litigation Trustee, or the Litigation Trust as set forth above. No Entity may rely on the absence of a specific reference in the combined Disclosure Statement and Plan (including the Plan Supplement) to any Cause of Action against it as indication that the Trustee, Litigation Trustee, or Litigation Trust, as applicable, will not pursue any and all available Causes of Action against it. The Trustee, Litigation Trustee, and Litigation Trust, as applicable, expressly reserve all rights to prosecute any Retained Causes of Action against any Entity, except as otherwise expressly provided in the Plan or this Confirmation Order.

61.     **Plan Modifications and Amendments**. All modifications and amendments to the Plan following solicitation of the Plan, as provided in this Confirmation Order, are approved under Bankruptcy Code § 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

62.     **Administrative Claims Bar Date**. Unless otherwise provided by the Plan, this Confirmation Order, any other applicable order of the Court, or agreed to by the Holder of an Allowed Administrative Claim and the Trustee, all requests for payment of Administrative Claims must be filed and served on the Trustee, as applicable, no later than the Administrative Claims Bar Date; *provided, however*, that no request for payment (other than, for Professional Claims, a fee application) is required to be filed and served with respect to any: (a) Administrative Claim that is Allowed as of the Administrative Claims Bar Date; (b) Ordinary Course General Administrative Claim; (c) Claim of a Governmental Unit not required to be filed under § 503(b)(1)(D) of the Bankruptcy Code; (d) Professional Claim; (e) the Post-Petition Financing Claim; or (f) Claim for U.S. Trustee Fees. Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims that do not file and serve such a request by the Administrative Claims Bar Date will be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors or the Litigation Trust, or their respective trustees or property, and such Administrative Claims will be deemed discharged as of the Effective Date.

63.     **Notice of Entry of Confirmation Order**. In accordance with Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Trustee must file and serve notice of entry of this Confirmation Order in substantially the form annexed hereto as **Exhibit A** (the "**Notice of Confirmation Order**") on all parties entitled to receive notice in the Bankruptcy Cases, by causing the Notice of Confirmation Order to be delivered to such parties by first-class mail, postage prepaid, within 14 days after entry of this Confirmation Order; *provided, however,* that the Confirmation Notice need not be served on any person or entity to whom the Trustee has mailed other notices during the Bankruptcy Cases that have

been returned as undelivered, unless the Trustee has been informed in writing by such person or entity of that person or entity's new address. Such notice is adequate and sufficient under the particular circumstances and no other or further notice is necessary.  The form of Notice of Confirmation Order is approved.

64.     **Retention of Jurisdiction**. This Court will retain jurisdiction over all matters arising out of, and related to, the Bankruptcy Cases and the Plan to the fullest extent permitted by law, including, without limitation, the matters described in Plan Article 13, as permitted by Bankruptcy Code §§ 105(a) and 1142.

65.     **Appeal of Confirmation Order**. Except as otherwise provided in this Confirmation Order, if any of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur will not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Trustee or the Litigation Trustee, as applicable, in accordance with the Plan or the Confirmation Order before the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken in accordance with, or in reliance on, this Confirmation Order before the effective date of such reversal, stay, modification, or vacatur will be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto and will remain binding on the Debtors, the Trustee, and the Litigation Trustee, as applicable.

66.     **Immediate Binding Effect**. Notwithstanding any applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or otherwise, upon Confirmation, the terms of the Plan, including the Plan Supplement, and this Confirmation Order will be immediately effective and deemed binding upon the Debtors, the Trustee, the Litigation Trustee, and any Holders of Claims and Interests (irrespective of whether Holders of such Claims or Interests are deemed to have accepted or rejected

the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, or injunctions described in the Plan, any Entity acquiring property under the Plan, and any non-Debtor parties to Executory Contracts with the Debtors as set forth herein, in the Plan, including the Plan Supplement.

67.     **Continued Effect of Stays and Injunctions**. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Bankruptcy Cases under Bankruptcy Code §§ 105 or 362 or any order of the Court that is in existence on the Confirmation Date will remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order will remain in full force and effect in accordance with their terms.

68.     **Substantial Consummation**. On the Effective Date, the Plan will be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127.

69.     **Conflicts Between Confirmation Order and Plan**. The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of this Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference. The provisions of the Plan, this Confirmation Order, and any further order of this Court contemplated by this Confirmation Order will be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that if there is any otherwise irreconcilable inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in the Confirmation Order will govern, control, and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

70.     **References to and Omissions of Plan Provisions**. References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order will not diminish or

impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

71.    **Headings**. Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

72.    **Final Order**. This Confirmation Order is a final order and the period in which an appeal must be filed will commence upon the entry hereof.

73.    **Post-Confirmation-Date Service**. After the Confirmation Date and subject to the terms of the Plan, the Trustee or the Litigation Trustee, as applicable, is authorized to limit the list of Entities receiving documents under Bankruptcy Rule 2002 to those Entities that have filed renewed requests for service after the Confirmation Date.  Revere is deemed to have already given such notice and is on the Post-Confirmation Service List unless and until its Claims are fully satisfied in accordance with the Plan.

74.    **Closing of the Bankruptcy Cases**. Subject to the terms of the Litigation Trust Agreement, the Litigation Trustee, promptly after the full administration of the Bankruptcy Cases, will file with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Bankruptcy Cases.

### END OF ORDER ###

Prepared by:

By: _/s Jessica Lewis_____
Frances A. Smith, State Bar No. 24033084
Jessica Lewis, State Bar No. 24060956
Elizabeth Wirmani, State Bar No. 24052268
**Ross, Smith & Binford, PC**
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  frances.smith@rsbfirm.com
Email:  jessica.lewis@rsbfirm.com
Email:  elizabeth.wirmani@rsbfirm.com

**COUNSEL TO CHAPTER 11 TRUSTEE DAVID WALLACE**

**EXHIBIT A**

**NOTICE OF CONFIRMATION ORDER**

Frances A. Smith, State Bar No. 24033084
Jessica Lewis, State Bar No. 24060956
**Ross, Smith & Binford, PC**
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  frances.smith@rsbfirm.com
Email:  jessica.lewis@rsbfirm.com

**COUNSEL FOR DAVID WALLACE, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **BUFFALO STATION, LLC,** | § | **Case No. 22-42943-elm** |
| | § | |
| **PREMIER 82, LLC,** | § | **Case No. 22-42944-elm** |
| | § | |
| **REMINGTON STATION, LLC,** | § | **Case No. 22-42945-elm** |
| | § | |
| **VENTURA HEIGHTS FOR RAINTREE, LLC,** | § | **Case No. 22-42948-elm** |
| | § | |
| **WINDSOR POINT, LLC,** | § | **Case No. 22-42950-elm** |
| | § | |
| **Debtors.** | § | **Substantively Consolidated Under** |
| | § | **Case No. 22-42943-elm** |
| | § | |

## NOTICE OF ENTRY OF CONFIRMATION ORDER

**PLEASE TAKE NOTICE** that, on April [--], 2024, the Court entered its *Findings of Fact, Conclusions of Law and Order Chapter 11 Trustee's Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation for Debtor Buffalo Station, LLC and Its Affiliated Debtors* [Docket No. ---] (the "**Confirmation Order**"), confirming the plan of liquidation proposed by David Wallace in his capacity as Chapter 11 trustee (the "**Trustee**") for debtor Buffalo Station, LLC and its affiliated debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and supporting papers, including the *Chapter 11 Trustee's Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation for Debtor Buffalo Station, LLC and Its Affiliated Debtors* [Docket No. 343] (the "**Plan**") may be requested (at no charge) from the Trustee's counsel at jessica.lewis@rsbfirm.com.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Article 5.2.2 of the Plan, any request for payment of an Administrative Claim,[1] other than requests pertaining to certain Claims explicitly excepted from this requirement in Article 5.2.2 of the Plan,[2] must be filed with the Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[2] Such Claims include the following (a) Administrative Claims that are Allowed as of the Administrative Claims Bar Date; (b) Ordinary Course General Administrative Claims; (c) Claims of a Governmental Unit not required to be filed pursuant to

Court and served on the Trustee through his counsel at the address provided in the signature block below on or before **[----------], 2024** (which is the 28th day after the Confirmation Date). Such request must (i) be in writing; (ii) state the amount of the Administrative Claim; (iii) set forth the date(s) when such Administrative Claim arose or accrued; (iv) provide a detailed statement of the legal and factual basis for the Administrative Claim; and (v) attach documentary evidence providing a basis for, or otherwise supporting, the Administrative Claim.

**PLEASE TAKE FURTHER NOTICE that in accordance with Article 5.2.2 of the Plan, any Holder of an Administrative Claim who is required to, but does not, file and serve a request for payment of such Administrative Claim on or before the above deadline and in accordance with these procedures shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Trustee, the Debtors, the Estates, the Litigation Trustee, the Litigation Trust, or their respective property, and such Administrative Claim shall be deemed discharged as of the Effective Date.**

**PLEASE TAKE FURTHER NOTICE** that in accordance with Article 7.2 of the Plan, any Claim arising from or relating to the rejection of an Executory Contract must also be filed with the Bankruptcy Court no later than [------------], 2024. **Any Claim arising from or relating to the rejection of an Executory Contract that is not filed with the Bankruptcy Court within such time shall be automatically disallowed, forever barred from assertion and shall not be enforceable against the Trustee, the Debtors, the Estates, the Litigation Trustee, the Litigation Trust, or their respective property, and any such Claim shall be deemed discharged as of the Effective Date.**

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Article 8.1 of the Plan, except as provided otherwise in the Plan, distributions will be made by mail to each creditor entitled to receive distributions under the Plan at either the address set forth in the respective creditor's proof of claim or the address set forth in any subsequent written notice from the creditor to the Trustee or Litigation Trustee, as applicable, of an address change or transfer of the claim. **If your address has changed since the filing of your proof of claim or if you otherwise need to provide a new address to the Trustee for payment of distributions under the Plan, please notify Trustee's counsel at the address below in writing (which may be by email) as soon as possible to prevent distributions being sent to the previously listed address.**

DATED: April [--], 2024

**ROSS, SMITH & BINFORD, PC**

By:  ___/s/_____
Frances A. Smith, State Bar No. 24033084
Jessica Lewis, State Bar No. 24060956
700 N. Pearl Street, Suite 1610, Dallas, TX 75201
Phone: 214-377-7879
Fax: 214-377-9409
Email: frances.smith@rsbfirm.com
Email: jessica.lewis@rsbfirm.com

**COUNSEL FOR DAVID WALLACE,
CHAPTER 11 TRUSTEE**

---

§ 503(b)(1)(D) of the Bankruptcy Code; (d) Professional Claims; (e) the Post-Petition Financing Claim; and (f) Claims for U.S. Trustee Fees.